UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

DAVID QUIGLEY,                                          :
                                                       :
                         Plaintiff,                    :
v.                                                     :        Civil Action No. 2:17cv70
                                                       :
SHERIFF ROBERT MCCABE,                                 :
IMHOTEP CARTER, M.D.,                                  :
JOHN DOE,                                              :
                                                       :
                         Defendants.                   :

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant, Sheriff Robert McCabe, by counsel, and for his Answer and
Affirmative Defenses to Plaintiff's Complaint states as follows:

### ANSWER

1.      Denied.  Defendant is without sufficient knowledge or information upon which to
form a belief as to the truth of the allegations of this paragraph and therefore denies same.

2.      Admitted in part; denied in part.  Defendant admits that at all relevant times he is
and has been Sheriff of the City of Norfolk.  Defendant denies the remaining allegations of this
paragraph to the extent they are inconsistent with the legal responsibilities of a sheriff as set forth
under Virginia law.

3.      Denied.  Defendant denies the allegations of this paragraph to the extent they are
inconsistent with the legal responsibilities of a sheriff as set forth under Virginia law.

4.      Denied.  Defendant denies that Dr. Carter and Dr. Doe were servants, agents, and
employees of Sheriff McCabe and the Norfolk City Jail.  Defendant denies further that Dr. Carter
and Dr. Doe acted within the scope of their servitude, agency, and employment with Sheriff
McCabe.

5.     Admitted.  Defendant admits only that in August 2013 plaintiff was an inmate at the Norfolk City Jail and was in the custody of Sheriff McCabe.

6.     Denied.  Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore denies same.

7.     Denied.  Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of this paragraph and therefore denies same.

8.     Denied.

9.     Admitted in part; denied in part.  Defendant admits only that plaintiff was released from confinement on August 21, 2013 and has not returned to jail since that time. Defendant denies the remaining allegations of this paragraph as he is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations and therefore denies same.

10.     Denied.

11.     Denied.  Defendant denies the allegations of this paragraph to the extent they are inconsistent with the legal responsibilities of a sheriff as set forth under Virginia law.

12.     Denied.  Defendant denies the allegations of this paragraph to the extent they are inconsistent with the legal responsibilities of a sheriff as set forth under Virginia law.

13.     Denied.  Defendant denies the allegations of this paragraph to the extent they are inconsistent with the legal responsibilities of a sheriff as set forth under Virginia law.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.    Denied.

19.    Denied.

Defendant incorporates his responses to paragraphs 1 – 19 of plaintiff's Complaint as if set forth at length.

20.    Denied.

Defendant incorporates his responses to paragraphs 1 – 20 of plaintiff's Complaint as if set forth at length.

21.    Denied.

22.    Denied.

23.    Denied.

Defendant incorporates his responses to paragraphs 1 – 23 of plaintiff's Complaint as if set forth at length.

24.    Denied.

25.    Denied.

Defendant incorporates his responses to paragraphs 1 – 25 of plaintiff's Complaint as if set forth at length.

26.    Denied as a conclusion of law.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

*Quigley v. McCabe, et al.*    Case No.  CL14005610-00        PENDER & COWARD, P.C.

WWW.PENDERCOWARD.COM

Page **3** of **6**

## <u>AFFIRMATIVE DEFENSES</u>

1.      Plaintiff's Virginia and federal claims are or may be barred by the two-year statute of limitations set forth in Va. Code §8.01-243.2.

2.      In Count I, plaintiff fails to state a claim upon which relief may be granted against Sheriff McCabe for medical negligence as the Sheriff is not a healthcare provider as defined in Va. Code § 8.01-581.1.

3.      Sheriff McCabe cannot be held vicariously liable for the purported medical negligence of Dr. Carter or Dr. Doe as these physicians are not employees, agents, or representatives of Sheriff McCabe.

4.      In Count II, plaintiff fails to state a claim upon which relief may be granted against Sheriff McCabe pursuant to Article I, ¶ 9 or ¶ 11 of the Virginia Constitution as neither section is self-executing.

5.      In Count III, plaintiff fails to state a claim upon which relief may be granted against Sheriff McCabe pursuant to the Virginia Constitution for failure to train.

6.      In Count IV, plaintiff fails to state a claim upon which relief may be granted against Sheriff McCabe pursuant to the Virginia Constitution for a *de facto* policy of denying healthcare to inmates.

7.      In Count V, plaintiff fails to state a claim upon which relief may be granted pursuant to the Eighth Amendment as he was a pre-trial detainee.

8.      In Count V, plaintiff fails to state a claim upon which relief may be granted pursuant to the Fourteenth Amendment for deliberate indifference to his serious medical needs.

9.      Plaintiff's Count V claim under §1983 seeking money damages against Sheriff McCabe is an official capacity claim barred by the Eleventh Amendment.

10.      If plaintiff's Count V claim under §1983 against Sheriff McCabe is determined to be an individual capacity claim, it is barred by the doctrine of qualified good faith immunity as

plaintiff fails to allege facts supporting claims that Sheriff McCabe violated plaintiff's clearly established constitutional rights.

11. If plaintiff's Count V claim under §1983 against Sheriff McCabe is determined to be an individual capacity claim, it is barred by the *Vinnedge* doctrine where plaintiff has failed to allege Sheriff McCabe's personal involvement in plaintiff's care.

12. Sheriff McCabe denies that he breached any of plaintiff's constitutional, common law or statutory rights, denies any wrongdoing, intentional or tortious behavior, and denies that plaintiff is entitled to any relief.

13. Any harm to plaintiff was the result of a superseding cause, as Sheriff McCabe by law may rely on the judgment of medical personnel.

14. Sheriff McCabe denies that he is indebted to plaintiff for any reason or in any amount.

15. Sheriff McCabe did not act with malice or recklessness toward plaintiff, but rather acted in good faith at all times, thereby barring any claims for compensatory or punitive damages.

16. Plaintiff fails to allege sufficient facts supporting a claim for punitive damages.

17. Any harm to plaintiff or alleged damages resulted from acts or omissions of third parties, as Sheriff McCabe by law may rely on the judgment of medical personnel.

18. Sheriff McCabe reserves the right to add such other and further defenses as may be developed in the course of discovery in this action.

19. Any paragraph of the complaint not admitted or denied is hereby denied.

20. The plaintiff's claims are/or may be banned by the doctrine of contributory negligence.

21.     A jury trial is demanded in this matter.

WHEREFORE, having fully answered and set forth his affirmative defenses, Defendant

Sheriff Robert McCabe moves for dismissal of this action with prejudice, plus costs.

SHERIFF ROBERT MCCABE

By:_____/s/_____
Of Counsel

Jeff W. Rosen, Esq., VSB #22689
Lisa Ehrich, Esq., VSB #32205
Pender & Coward, PC
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462
Phone: (757) 490-6253
Fax: (757) 497-1914
jrosen@pendercoward.com
lehrich@pendercoward.com
*Counsel for Sheriff Robert McCabe*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of February, 2017, I will electronically file the
foregoing *Answer and Affirmative Defenses* with the Clerk of Court using the CM/ECF system,
which will then send a notification of such filing (NEF) to the following:

Gary R. Hershner, Esq., VSB #19622
Seven South Adams Street
Richmond, VA 23220-5601
Phone: 804-788-1956
Fax: 804-788-0885
ghershner50@msn.com
*Counsel for Plaintiff*

_____/s/_____
Jeff W. Rosen, Esq., VSB #22689
Pender & Coward, PC
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462
Phone: (757) 490-6253
Fax: (757) 497-1914
jrosen@pendercoward.com
*Counsel for Sheriff Robert McCabe*